```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 16-1998(DSD/BRT)
```

Marlin P. Filipek and
Dorothy Filipek,

   Plaintiffs,

v.                  **ORDER**

The Boeing Company, et al.,

   Defendants.

---

  Eric Martin Przybysz, Esq. and Simon Greenstone Panatier Bartlett, PC, 3232 McKinney Avenue, Suite 610, Dallas, TX 75204, counsel for plaintiffs.

  David N. Lutz, Esq. and Bowman & Brooke LLP, 150 South 5th Street, Suite 3000, Minneapolis, MN 55402, David E. Scouton, Esq. and Foley & Mansfield, PLLP, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401, Bradley R. Bultman, Esq. and Larson King LLP, 30 East Seventh Street, Suite 2800, Saint Paul, MN 55101, John C. Hughes, Esq. and Meagher & Geer, PLLP, 33 South 6th Street, Suite 4400, Minneapolis, MN 55402, counsel for defendants.

  This matter is before the court upon the motions for summary judgment on statute of limitations grounds by defendants The Boeing Company, Navistar, Inc., Borg-Warner Morse Tec LLC, CBS Corporation, McNeil Corporation, Northern States Power Company, and United Technologies Corporation and the motion for withdrawal of admissions by plaintiffs Marlin Filipek and Dorothy Filipek.[1] After a review of the file, record, and proceedings herein, and for

---

[1] The court grants various defendants' motions to file a joint memorandum in opposition to the motion to withdraw. ECF Nos. 231-35.

the following reasons, the court denies plaintiffs' motion and grants defendants' motions.

**BACKGROUND**

This products liability action arises out of Marlin Filipek's decades-long exposure to asbestos from materials and products containing asbestos that were allegedly manufactured, sold, supplied, or distributed by defendants. Compl. ¶¶ 1-7. Mr. Filipek was diagnosed with mesothelioma in January 2016. He and his wife commenced this suit on May 23, 2016, alleging that his illness was caused by that asbestos exposure, and asserting claims of negligence, strict liability, and breach of warranty.[2]

Defendants now move for summary judgment, arguing that the claims are time-barred due to Mr. Filipek's earlier diagnosis of asbestosis[3] - an asbestos-related disease that can precede mesothelioma - in approximately 2006.[4] According to defendants, the asbestosis diagnosis started the clock on the limitations period, which then expired no later than 2012.

---

[2] Mr. Filipek died on March 9, 2017. Mrs. Filipek intends to amend the complaint to include claims for wrongful death after probate proceedings have concluded.

[3] The parties do not dispute that asbestosis is a an asbestos-related disease caused by extensive asbestos exposure.

[4] The exact date of Mr. Filipek's asbestosis diagnoses is unknown because his pre-2012 medical records are unavailable. Based on the record, however, it appears that he was likely diagnosed with asbestosis in 2006.

Defendants rely on several notations in Mr. Filipek's medical records to support its position that he was diagnosed with asbestosis in 2006 and possibly earlier:

1. Records dated January 4 and July 6, 2016: Mr. Filipek "has long standing asbestosis (seen on CXR x 10 yrs) ... 1954 exposures to asbestos in military, building[.]" Scouton Aff. Ex. 3, at 1, 8.

2. Record dated April 4, 2012: "Mr. Filipek presents with a diagnosis of occupational asbestosis. This was diagnosed years ago." Id. Ex. 5, at 1.

3. Record dated September 21, 2015: "Calcified pleural plaques correlate with patient's known history of asbestosis." Id. Ex. 7, at 1.

4. Record dated September 21, 2015: "Pleural plaques significant for history of asbestosis." Id. Ex. 13, at 1.

5. Record dated September 25, 2015: "Bilateral calcified pleural plaques with pleural thickening. Small areas of infiltrate fibrosis left lung base. Correlate clinically with history of asbestosis prior infection." Id. Ex. 9, at 4.

6. Record dated April 2, 2016: "Persistent 20% right pneumothorax small pleural effusions old granulomatous disease and asbestosis." Id. Ex.8, at 6.

7. Record dated April 25, 2016: Mr. Filipek is a "79 yo male with long standing asbestosis now with pleural mesothelioma ...." Id. Ex. 4, at 1.

Plaintiffs respond that the notations in the above medical records are insufficient to establish that Mr. Filipek had in fact been previously diagnosed with asbestosis or, more important, that

he was aware of any such diagnosis.  In his July 2016 deposition, Mr. Filipek did not recall being diagnosed with asbestosis "about ten years ago," although he did say that "it sound[ed] familiar." See Filipek Dep. Vol. IV at 635:3-17.   In addition to the medical records, however, defendants also rely on Mr. Filipek's later discovery responses (dated March 6, 2017) in which he admitted that he was diagnosed with asbestosis more than six years before commencing this suit:

> **REQUEST FOR ADMISSION NO. 23:**  Admit that Plaintiff Marlin Filipek was diagnosed with an asbestos-related disease prior to May 19, 2010.
>
> **ANSWER:** Plaintiffs incorporate by reference General Objections 1-8.  Subject to and without waiving these objections, admit.  Plaintiffs reserve the right to supplement and amend this response should responsive information change.

Lutz Aff. Ex. 15, at 14.[5]  He likewise stated that he was diagnosed with asbestosis in "roughly 2005" in his interrogatory responses. Id. at 8.  Plaintiffs now argue that the court should allow them to withdraw Mr. Filipek's admission because it was made in error.  The court will address plaintiffs' motion to withdraw before turning to the summary judgment motions because it is likely dispositive.

---

[5] Although it does not appear that Mr. Filipek signed the responses, he was involved in crafting them and did so under oath. See Lutz Aff. Ex. 15, at 1 ("Plaintiff Marlin P. Filipek, being first duly sworn, upon oath, states the following in response to Defendant The Boeing Company's First Set of Interrogatories and Requests for Admission ....").

4

**DISCUSSION**

**I.   Motion to Withdraw Admissions**

Rule 36(b) of the Federal Rules of Civil Procedure gives the court discretion to "permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

**A.   Presentation on the Merits**

"When a material fact is clearly contested, considering that fact to be admitted precludes, rather than promotes, presentation of the case on the merits." Edeh v. Equifax Info. Servs., LLC, 295 F.R.D. 219, 224 (D. Minn. 2013); see also FDIC v. Prusia, 18 F.3d 637, 641 (8th Cir. 1994) ("Permitting the amendment of responses to a request for admissions is in the interests of justice if the record demonstrates that the 'admitted' facts are contrary to the actual facts."); White Consol. Indus., Inc. v. Waterhouse, 158 F.R.D. 429, 433 (D. Minn. 1994) ("[T]he prospect of deeming controverted facts or issues as having been admitted seems, somewhat self-evidently, to be anathema to the ascertainment of the truth ....").

Plaintiffs argue that withdrawing the admission will promote the presentation of the case on the merits because the evidence in the record contradicts the admission. The court disagrees. As set

forth above, Mr. Filipek's medical records support a finding that he was diagnosed with asbestosis in approximately 2006.

Nothing in the record is definitively to the contrary. Plaintiffs argue that the medical records from 2006 do not confirm the asbestosis diagnosis referenced in later records. But plaintiffs have not provided those records to the court. As such, the court must review the plain language of more recent records, which consistently note that Mr. Filipek was diagnosed with asbestosis in approximately 2006.

Plaintiffs also argue that their expert witness, Dr. Edwin Holstein, effectively casts doubt on Mr. Filipek's asbestosis diagnosis. See Przybysz Aff. Ex. 3, at 6-7 ("[H]is medical records frequently contained the diagnosis of 'longstanding asbestosis.' However, although some chest x-ray interpretations would suggest the presence of parenchymal asbestosis, I did not find any investigation directed to this possibility and find the limited available evidence to be equivocal."). Even if timely,[6] Dr. Holstein's report is insufficient to undermine the plain reading of the medical records. Further, the question presented is not whether Mr. Filipek was correctly diagnosed with asbestosis, but rather whether he was told he was diagnosed with asbestosis before May 23, 2010. See Tuttle v. Lorillard Tobacco Co., No. 99-1550,

---

[6] The scheduling order required plaintiffs to submit expert reports by April 17, 2017. ECF No. 170. Dr. Holstein's report is dated April 18, 2017.

6

2003 WL 1571584, at *5 (D. Minn. Mar. 3, 2003) (citing Klempka v. G.D. Searle & Co., 963 F.2d 168, 170 (8th Cir. 1992)) ("The statute of limitations begins to run when a plaintiff is aware of an injury and the likely cause of that injury."). The records support a finding that he was.

Mr. Filipek's deposition testimony likewise fails to establish that he was unaware of the diagnosis before 2010. When asked whether he recalled being diagnosed with asbestosis in 2006, Mr. Filipek responded that although he did not remember, it sounded "familiar." Filipek Dep. Vol. IV at 635:3-8. He then testified that he did not remember that "at all." Id. at 635:11-17. He never denied that he was diagnosed with asbestosis in 2006, however. A failure to recall is not equivalent to a denial. See EEOC v. Bob Evans Farms, LLC, No. 2:15-1237, 2017 WL 3531562, at *5 n.6 (W.D. Pa. Aug. 17, 2017) ("A failure to recall an event without a denial that it happened coupled with affirmative evidence that the event happened, is insufficient to create an issue of material fact preventing summary judgment.").

Indeed, the medical records support a finding that Mr. Filipek did know about the 2006 diagnosis and that he is very likely the person who gave that information to his doctors in later years. Key medical records from January and July 2016, for example, state that Mr. Filipek "has long standing asbestosis (seen on CXR x 10 yrs) ... 1954 exposures to asbestos in military, building[.]"

7

Scouton Aff. Ex. 3, at 1, 8; see also id. Ex. 7, at 1 (emphasis added) ("Calcified pleural plaques correlate with patient's known history of asbestosis."). The reference to asbestos exposure in the military must have come from Mr. Filipek, as the doctors would not have known that information independently. His inability to later recall being diagnosed with asbestosis during his deposition - and while suffering from mesothelioma - does not supersede the clear statements in the medical records.

Finally, Mr. Filipek's under oath responses to interrogatories confirm that he was knowingly diagnosed with asbestosis long before May 23, 2010. See Lutz Aff. Ex. 15, at 8. Plaintiffs do not seek to amend or withdraw that discovery response.

Based on the evidence in the record, the court cannot conclude that the facts about when Mr. Filipek was diagnosed with asbestosis and when he knew about that diagnosis are reasonably controverted. As a result, denying plaintiffs' motion to withdraw the admission would not prevent the "ascertainment of the truth." Waterhouse, 158 F.R.D. at 433.

### B. Prejudice to Defendants

"The second prong of the Rule 36(b) test concerns the difficulty the nonmoving party may face if withdrawal of the admissions is allowed, based on that party's need to obtain evidence to prove a matter that had previously been admitted." Edeh, 295 F.R.D. at 225. Defendants would be prejudiced if the

8

court were to permit plaintiffs to withdraw the admission. The admission is consistent with the other evidence in the record and serves as Mr. Filipek's last word on the issue given his death several months ago. That fact, plus the lack of contemporaneous medical records and the close of discovery several months ago, ECF No. 108, at 4, forecloses defendants from pursuing the matter further. Under these circumstances, defendants rightly relied on the admission and would be prejudiced if it were withdrawn.[7] As a result, plaintiffs' motion is denied.[8]

II. **Motion for Summary Judgment**

    A. **Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[7] The court also questions the timing of plaintiffs' motion. First, it is in fact untimely under the scheduling order. See ECF No. 108, at 5 (establishing a non-dispositive motion deadline of March 29, 2017). Second, plaintiffs brought the motion months after Dr. Holstein submitted his report despite now claiming that the report triggered the motion. When coupled with the record, which is consistent with the admission, these facts undermine the sincerity of plaintiffs' motion.

[8] Plaintiffs' motion for leave to file a supplemental response to defendants' summary judgment motions is likewise denied. ECF No. 235. The proposed submission is nothing more than a rebuttal expert report, which is both improper and untimely. Plaintiffs expressly waived their right to use rebuttal experts or to submit rebuttal reports. ECF No. 170. Even if they had not done so, the deadline for filing expert reports has long passed. See id.

A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**B.  Accrual of Limitations Period**

The parties agree that plaintiffs' negligence claim is governed by the six-year limitation period set forth in Minn. Stat. § 541.05, subdiv. 1(5) and that their strict liability and breach of warranty claims are governed by the four-year limitations period set forth in § 541.05, subdiv. 2 and § 336.2-725(1). They also agree that the limitations period commences when the injury

accrues, i.e., when the plaintiff has discovered, or by the exercise of due diligence should have discovered, that he has suffered an asbestos-related injury. Dalton v. Dow Chem. Co., 158 N.W.2d 580, 583 (Minn. 1968). Under Minnesota law, two elements must be satisfied before a products-liability cause of action accrues: "(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission." Hildebrandt v. Allied Corp., 839 F.2d 396, 398 (8th Cir. 1987). In other words, "[i]t is when the disease manifests itself in a way which supplies some evidence of causal relationship to the manufactured product that the public interest in limiting the time for asserting a claim attaches and the statute of limitations will begin to run." Karjala v. Johns-Manville Prods. Corp., 523 F.2d 155, 160–61 (8th Cir. 1975).

As discussed above, because the evidence in the record is sufficient to establish that Mr. Filipek was knowingly diagnosed with asbestosis in approximately 2006, the statute of limitations accrued at that time. As a result, the limitations period expired long before the Filipeks filed this suit.

The court is not persuaded by plaintiffs' argument that their claim did not accrue until Mr. Filipek was diagnosed with mesothelioma in 2016. According to plaintiffs, if called on to consider the issue, the Minnesota Supreme Court would adopt the

11

"separate disease rule" under which a new limitations period would begin to run at the time of the mesothelioma diagnosis, notwithstanding an earlier diagnosis of asbestosis. This argument is contrary to Dalton, which held that the cause of action accrues when a plaintiff discovers the relationship between his injury and exposure to asbestos.[9] Dalton, 158 N.W.2d at 583. Minnesota law does not require that a plaintiff be diagnosed with mesothelioma in order to trigger the limitations period. Rather, a plaintiff's diagnosis of an asbestos-related disease is sufficient to do so. See id.; see also DeGidio v. AC & S, Inc., No. 62-C9-99-6534, slip op. at 7 (Dist. Ct. Minn. May 1, 2009) (holding that the statute of limitations accrued when plaintiff became aware of the connection between his pleural plaques, a precursor to mesothelioma, and his asbestos exposure, because the court was "aware of no case law or statutory provisions ... to support a 'two disease' or 'separate injury' rule" under Minnesota law). This is illustrated in In Re: Minn. Asbestos Litig., Court File No. C8-94-2875 (Dist. Ct. Minn.), which applies to all asbestos-related claims brought in Minnesota state court. Suppl. Hughes Aff. Ex. A, at 1. In that case, the Ramsey County District Court created an "inactive docket" for plaintiffs with "'pleural disease' or the like" caused by asbestos exposure who have not yet developed "asbestos-related cancer,"

---

[9] Here, as noted, that causal connection was known in approximately 2006.

among other criteria. Id. § IV F(1). The purpose of the inactive docket is to give those plaintiffs "some protection from [a] possible statute of limitation defense." Id. § IV ¶ B. If a plaintiff on the inactive docket develops asbestos-related cancer, for example, he may be removed from the inactive docket and "reactivated for discovery and trial." Id. § IV ¶ F(1). In other words, Minnesota has rejected the separate disease rule in asbestos cases by creating a mechanism to ensure the timeliness of claims for people who have been diagnosed with a precursor asbestos-related disease.

The fact that other jurisdictions have held to the contrary does not establish that the Minnesota Supreme Court would change the established course now. Because the court is bound to follow Minnesota law in determining this issue, it concludes that plaintiffs' claim accrued when he was diagnosed with asbestosis in approximately 2006. As a result, plaintiffs' claim is time barred.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to withdraw admissions [ECF No. 217] is denied;

2. The motions for summary judgment [ECF Nos. 192, 194, 202] are granted;

3. The motions for joinder [ECF Nos. 231-34] are granted;

13

4. The motion for leave to file Reply/Surreply [ECF No. 235] is denied; and

5. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 21, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
